FILED

**NOT FOR PUBLICATION**

MAR 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | No. 08-17619 |
| Plaintiff - Appellee, | D.C. No. 1:06-cv-01143-OWW-SMS |
| v. | |
| GATEWAY SECURITY SERVICES, INC., DBA Hughes Towing and Auto Wrecking; et al., | MEMORANDUM [*] |
| Defendants - Appellants. | |

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | No. 09-16201 |
| Plaintiff - Appellee, | D.C. No. 1:06-cv-01143-OWW-SMS |
| v. | |
| GATEWAY SECURITY SERVICES, INC., DBA Hughes Towing and Auto Wrecking,; et al., | |
| Defendants, | |
| and | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LUCINDA DEVINE; et al.,

Defendants - Appellants.

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted March 12, 2010[**]
San Francisco, California

Before: HALL, NOONAN and CALLAHAN, Circuit Judges.

Gateway Security is a closely held California corporation owned by Donald and Debrah Hughes that provides towing services. Debrah Hughes serves as President of Gateway. On July 18, 2005, Mrs. Hughes was on her way to work when she was involved in a car accident in which Ramon Devine was injured. She was driving her personal Cadillac. To resolve a suit arising out of the accident, the Hughes and Gateway agreed to pay Devine $1.1 million.

At the time of the accident, Gateway was insured by Lincoln General. The policy insured Gateway for accidents including those occurring in autos not owned, rented, or borrowed by Gateway "while used in your business or your personal affairs." By a separate endorsement, the policy was extended so that

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

"Any 'employee' of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." Lincoln General defended Gateway in Devine's suit, under a reservation of rights.

Lincoln General brought the present action against the Hughes, the Devines, and Gateway. Lincoln General sought *inter alia* a declaration that the policy did not cover Devine's claims against Gateway and the Hughes. After a bench trial, the district court granted judgment to Gateway.

The policy language at issue – and the only policy language relevant to this dispute – is the provision contained in both the endorsement and in the main policy document that coverage is provided an insured using a <u>covered</u> auto in Gateway's "business or personal affairs." The policy provides no further definition of the phrase "business or personal affairs."

At the time that the policy was issued, the record shows that Lincoln General had no reason to believe that Gateway had an expectation of coverage for Mrs. Hughes during her commute in her personal car. *See E.M.M.I., Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 470 (2004) (stating that under California law a court should first attempt to resolve ambiguity in an insurance contract by interpreting the ambiguous provisions in the sense the insurer believed the insured understood them at the time of formation). Gateway failed to add Mrs. Hughes' car to the

3

policy's schedule of covered autos. And when asked specifically by Lincoln General whether employees regularly used their vehicles in Gateway's business, Gateway answered "no."

The district court's judgment is AFFIRMED.

4